UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIA SONG,<br><br>                    Plaintiff,<br><br>        -against-<br><br>EMILY HOCH,<br><br>                    Defendant. | 24-CV-2532 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Eugenia Song, who resides in either Texas or Pennsylvania, brings this action, *pro se*, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. She names as the defendant, Emily Hoch, and claims that Hoch resides in Virginia. By order dated May 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff brings this action against Emily Hoch, who Plaintiff states is employed at the Arlington, Virginia, office of the Rand Corporation.[2] Plaintiff claims that "Ms. Hoch's health services research which utilizes military technology knowingly uses fraudulent misinformation against myself and my family." (ECF 1, at 1.) She further claims that she responded to this alleged conduct, "[o]n March 21, 2024 by e-mail [and] asked [Defendant] to cease and desist, and she has willfully continued." (*Id.*) Plaintiff

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless noted otherwise.

[2] Hoch's address in the complaint, provided by Plaintiff, corresponds with the Rand Corporation's Washington Office. *See Rand, Rand Office Locations and Addresses*, https://www.rand.org/about/locations.html [https://perma.cc/7G7Y-QYFM] (last visited May 9, 2024).

2

accuses Hoch of "endangering people's lives with her work" and of being "named in a FBI complaint for misuse of her professional license." (*Id.*)

The complaint refers to "320 civil COA code – assault with militarized weapon on computer (tort claim)" as a basis for this Court's exercise of jurisdiction. (*Id.*) Plaintiff seeks money damages.

## DISCUSSION

Even when the Court construes Plaintiff's complaint with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. Although the Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely," *Denton*, 504 U.S. at 33, a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 32-33; *see Livingston*, 141 F.3d at 437.

Plaintiff's allegations that Defendant's Rand Corporation research is endangering her life lacks any basis in fact or law. Indeed, the complaint provides no specific facts whatsoever on how Defendant's research resulted in any harm to Plaintiff, or to anyone else. Although Plaintiff appears to believe that Defendant harmed her in some fashion, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022); *see Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Moreover, the Court also finds that because Plaintiff has pleaded no factual predicate in support of her assertions, her allegations amount to conclusory claims and suspicions, and consequently, must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

Plaintiff has filed four other cases in the United States District Court for the District of Oregon, alleging fanciful facts similar to those alleged here, that were dismissed for failure to state a claim.[3] *Song v. Warner Burke*, No. 23-CV-0349 (D. Or. Aug. 4, 2023) (dismissed for

---

[3] Plaintiff also filed two cases in this court that were dismissed for failure to pay the fees, or seek waiver of the fees. *Song v. Columbia Univ.*, ECF 1:23-CV-4532, 4 (S.D.N.Y. July 28, 2023); *Song v. Coleman*, ECF 1:23-CV-4526, 3 (S.D.N.Y. July 18, 2023). Plaintiff also filed two cases that were dismissed as duplicative of other pending cases. *See Song v. Hoch*, ECF 1:24-CV-2739, 4 (S.D.N.Y. May 7, 2024) (dismissed as duplicative of this action); *Song v. Coleman*, ECF 1:23-CV-4740, 3 (S.D.N.Y. June 13, 2023) (dismissed as duplicative of case number 23-CV-

failure to state a claim against Defendants Warner Burke and Richard Antle where she alleged that Burke used a "military tool against her to involuntarily terminate a student he simply did not like," Doc. No. 13 (internal quotation marks omitted)); *Song v. Landers*, No. 23-CV-0372 (D. Or. July 13, 2023) (dismissed for failure to state a claim where Plaintiff alleged that "military-grade intelligence tool has been accessing her computer and emails since she resigned from a graduate teaching program at Columbia University in 2013," Doc. No. 20 (internal quotation marks omitted)); *Song v. Coleman*, No. 23-CV-0407 (D. Or. (dismissed for failure to state a claim where she alleged that Columbia Professor Peter Coleman "made an irresponsible comment alluding to Plaintiff as criminally insane on website Huffington Post . . . [and] watched her computer for three (3) months from his home," Doc. No. 16 (internal quotation marks omitted)); *Song v. United States*, No. 23-CV-0573 (D. Or. ) (dismissed for failure to comply with the Federal Rules of Civil procedure in action concerning Plaintiff's involvement in the Central Intelligence Agency ("CIA")). Plaintiff recently filed two complaints in the District of Oregon, both against the CIA. *See Song v. CIA*, Nos. 24-CV-0698, 24-CV-0697.

      In light of Plaintiff's litigation history, this Court finds that Plaintiff should have been aware of the requirement that she must allege concrete and specific facts suggesting that the named defendants violated her rights. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Plaintiff is warned that, should she file future actions in this court that are frivolous or do not state a claim against the named defendants, the Court

---

4526). Plaintiff also recently filed two new actions in this court but did not pay the fees or ask that they be waived. *See Song v. Trustees of Columbia Univ. in New* York, ECF 1:24-CV-3599, 1; *Song v. Kranz*, ECF 1:24-CV-3528, 1.

may enter an order barring her from filing new actions *in forma pauperis* unless she receives permission from the court to file a new civil action. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that should she file future actions in this court that are frivolous or do not state a claim against the named defendants, the Court may enter an order barring her from filing new actions *in forma pauperis*, unless she receives permission from the court to file the new civil action. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   July 3, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge